Peck, J.
delivered the opinion of the Court.
This was an action of covenant. The declaration sets out an agreement under seal, in which it is stipulated, that Lewis had sold to Green a tract of land; that Green was to pay for said land six dollars per acre, one half on the first day of April, 1819, and the other half on the 25th day of December, 1819. The covenant was dated on the 17th day'of October, 1818, the first payment to be secured to the said Lewis by good and sufficient security, the other payment to be secured by a deed of trust, to be made by the 25th day of December, 1818 ; that Lewis is to -convey with general warranty, and that the conveyance is to be made and security for the first payment given on or before Christmas next, and that Lewis should survey the said land to said Green, Green to pay per acre for the quantity found by the survey$ Lewis to give possession on or before the 25th of December, 1-818, avers that he did deliver possession as agreed, “ and that he did survey to said Green said tract of land, and found it to contain 230 acres,” and did execute and tender to said Green a deed of conveyance with general warranty for said land ; and that at all times he has been ready and willing to perform, fulfil and keep, his part of the agreement and stipulations in said covenant, to be by him kept, and offered to perform the same from time to time, since the making said covenant, and that said Green refused to accept of a full performance of said covenant of and from the said Lewis ; then assigns for breaches, that said Green has not given the security for the one half as agreed, nor has he made a deed of trust for the other half, nor has he kept any part of the covenant on his part to be kept.
The defendant on oyer of the covenant, pleads, that the plaintiff did not, on or before Christmas day, after making said covenant, survey said land to said defendant, or make or tender to him a deed of conveyance.
Second plea; that on the 1st of February, 1821, and before the land *129 was surveyed to him, or deed made and tendered as it should nave been he abandoned the possession of the land and all benefit of the said contract-.
Third plea; that after the said 25th December, and before any part had been performed by the plaintiff, of the conditions to be by him first performed, to wit; on the 1st of January, 1821, he, said Green, offered to restore the land and abandon the contract, which said Lewis refused.
Replication generally to the three pleas, that the said Lewis, ever since the making said covenant, and all the time said Green was in possession and enjoying the benefit of said land, to wit; from 1818 to 1821, to the commencement of this suit, and ever since, was, and still is, ready to survey said land to said Nathan, and make him a deed therefor ; and that he did survey said land to said Green before he made any objection as to time, and did offer a deed after the 25 th day of December. Green had abandoned possession, and that he would, in all things, have complied in due time but for the repeated waiver of the 'said Green, who had agreed to take a survey and conveyance at any time, all which he verifies.
Special demurrer, and causes ;
First; that there is a departure.
Second ; that the replication offers no sufficient excuse, &e.
Third ; that the replication contains extraneous matter, and wants form.
On argument, the demurrer was sustained, hut before the judgment was entered the plaintiff moved to amend his declaration and offered an affidavit, stating in substance, that the contract had been on the part of Lewis so far executed as to giving possession at the time, and the defendant retaining that possession for two years.
That he would have made the survey but that defendant would not attend and see it made, and that time should make no difference; that he still has the legal title and can make a good conveyance, and is willing to do so ; that he would have performed his part of the covenant in all things, had it not been for the conduct of' Green in agreeing that the time of performance on the part of plaintiff, should not be an objection.
The plaintiff then offered an amended declaration, predicated on the matter contained in his affidavit, with averment of waiver on the part of Green, as stated in the replication, but the Court refused to receive the amendment, and gave judgment; from which this writ of error is prosecuted.
On the above facts the Court gave the following opinion :
Here the acts to be done are on the same day. Lewis agrees to have the deed, and must, in the nature of things, also have the survey on the 25th of December, 1818, because, the amount of the securities to be given by Green, are to be ascertained from the survey. Green could do nothing on his part until the fact of quantity was found by the survey ; if this was *130 Dót done by Lewis, how could Green give the security. The doing of these acts was not prevented by Green ; his presence was not necessary when uhe survey was made, and the execution of the deed Green had nothing to do with further than to receive it. To aver and support breaches against Green in this action for the not doing that which he could not do because of the laches of Lewis, would be without precedent in legal proceedings.
It is said in argument, that where the plaintiff’s stipulation constitutes only part of the consideration of the defendant’s contract, and the defendant has actually received a partial benefit, and the breach on part of plaintiff might be compensated in damages, an action may be supported against defendant, without averring performance. 1 Chitty, 814. We do not say such a case cannot arise ; but this is not such a case. Here the consideration is entire ; it is a sale of the estate, and the deed and survey alone can suffice to perform the covenant on the part of the plaintiff; the one to give the title and the other to enable defendant to give his bond and security for one payment, and deed of trust for the other. The fourth rule laid down in 1 Chitty, 314, is the one applicable to this case : “ where the mutual covenants constitute the whole consideration on both sides, they are mutual conditions, the one precedent to the other, and the plaintiff must aver performance.” Again, the acts are to be done at the same time, and in such a case there must be a like averment of performance. Chitty, 315. If this was not the law, what would follow; on the 25th of December, Green, by the covenant, is to have his deed and know what he has to pay; in consideration of these things, he is to pay on a given day to come, and which payment he is to secure. If the plaintiff can do his part at any subsequent day and defendant be coerced to payment, without any indulgence, he is taken by surprise. Suppose the defendant was ready to ■give security on the 25th of December, but the plaintiff could waive that time and select any other, and should select a time when defendant is not prepared with security, could not plaintiff circumvent Green by such contrivance or neglect ? And if Lewis could waive the security and demand 'the money on the day of payment from Green alone, and on that day for the first time present the survey, -would he not be equally surprised because here a tract of land apparently containing 199 acres is found to contain •230 ? then how could he be prepared with the money ? Green was entitled to his deed on the day, for he may have wished to sell.
But it is said the time is enlarged by parol, and the pleadings are attempted to be shaped to meet such a case; this cannot be done. 3 'Term. 590.
Judgment áfíirmed.